DISSENTING OPINION BY JUDGE COSGROVE The behavior of Jared Katz (Katz) was unquestionably repellant. Over the course of a year, he subjected a coworker (Coworker) (a teacher junior to Katz in years as well as length of service) to conduct agreed by all as sexually harassing in nature. For her part, Coworker felt compelled to tolerate this behavior, declining to report it because she did not have a permanent teaching position and wanted to protect her job. (Reproduced Record (R.R.) at 103a.) This is precisely the sort of circumstance the public policy against sexual harassment is intended to prevent. As unpleasant as we find Katz’s conduct, however, we cannot conclude the Award constitutes a blind tolerance to it. The question for this Court was whether the Award posed an unacceptable risk that it would undermine the implicated public policy against sexual harassment. This is an exceptionally high standard. In his decision, Arbitrator Colflesh noted both the non-physical and unintentional nature of Katz’s actions and imposed a twenty-day period of unpaid leave, and authorized the District to require Katz undergo remedial sexual harassment training. (R.R. at 331a.) Short of a finding that the arbitration award itself contravenes public policy, the award is afforded great deference. A reviewing court may not second-guess an arbitrator’s findings of fact or interpretation, Coatesville Area School District v. Coatesville Area Teachers’ Association, PSEA 978 A.2d 413, 415 n.5 (Pa. Cmwlth. 2009), and a court may not reject those findings simply because it disagrees with them. United Paperworkers International Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). This matter is not analogous to Philadelphia Housing Authority v. American Federation of State, County and Municipal Employees, 617 Pa. 69, 52 A.3d 1117, 1125 (2012), where the employee harasser faced no consequences for his “facially criminal” conduct. The present Award imposed a suspension without pay and required Katz undergo sexual harassment training at the discretion of the District. As such, the Award is not so -bereft of consequences that it can be said to contravene public policy. On the contrary, in addition to the embarrassment of a suspension from employment, the Award grants broad authority to the District to impose whatever level, form or intensity of sexual harassment training it deems necessary to address Katz’s grossly improper conduct. - ■ ■ Perhaps each member - of this Court would have reached a different conclusion than the Arbitrator. That is not the point. Arbitration provisions are an essential part of the collective bargaining process and must be free of meddling from the bench. The Majority’s reaction: to this dreadful situation is understandable, but it nonetheless encroaches upon the arbitration mechanism to which the present parties agreed. For these reasons, I respectfully dissent. President Judge Leavitt joins in this dissent.